FILED
NOV 12 2020
3:45 O'CLOCK
MELISSA HARRELL
DEPUTY CLERK

# IN THE CIRCUIT COURT OF RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

| | |
|---|---|
| PATRICIA COPELAND and, STEVEN COPELAND ) ) ) Plaintiff, ) ) vs. ) ) TARGET CORPORATION, ) ) Defendant. ) | NO. 77922 JURY DEMAND |

## COMPLAINT

COMES NOW the Plaintiff, Patricia Copeland and Steven Copeland, by and through counsel, D. Russell Thomas, who state and show as follows:

I.

Plaintiffs are adults who were residents of the State of Tennessee residing in Murfreesboro, Tennessee at the time of Mrs. Copeland's injuries. Plaintiffs now, however, live in Texas. At all relevant times hereto Steven Copeland was married to and residing with Patricia Copeland. Plaintiffs bring this lawsuit against the Defendant for money damages for the personal injuries sustained by Plaintiff arising out of a slip and fall accident which occurred at Target in Murfreesboro in Rutherford County on or about December 22, 2019. The proper venue of this action is thus in Rutherford County, Tennessee, the location of the accident.

II.

The Defendant, Target Corporation is a foreign corporation licensed to do business in the state of Tennessee. Suit is brought against the Defendant for the causes set out herein below.

III.

On December 22, 2019, Plaintiff Patricia Copeland was entering the Target store in Murfreesboro. It was a day of unusually heavy rainfall. The foot traffic was heavy due to the holiday season. Water was being tracked into and around the entrance of the Defendant store. There were no rugs placed in the entrance to help absorb the amount of water being tracked in by the volume of numerous customers and volume of foot traffic. As a result of her fall, Plaintiff Patricia Copeland sustained severe bodily injuries.

IV.

Mrs. Copeland came from the parking lot, across the sidewalk, into the vestibule, and was walking into the Defendant store when she slipped at the entryway. Immediately following her fall in the wet entrance of Target, Mrs. Copeland complained of her right arm and shoulder, right knee, and right hand being extremely sore.

V.

The Plaintiff sustained serious and disabling injuries as a result of the fall. In particular, Plaintiff avers that her right shoulder and knee injuries are a direct and proximate result of the fall and as a direct and proximate result of the Defendant's failure to keep the walkway into the main entry point in the Defendant store safe for its customers. Mrs. Copeland fell tearing the rotator cuff in her right shoulder and tearing the meniscus in her right knee. Both injuries resulted in surgery as a result of this fall. Mrs. Copeland's injuries are continuing, permanent, and ongoing conditions to this day. There is need for another surgery to the right knee.

VI.

Plaintiffs aver that the Defendant:

(a) Failed to furnish an appropriate walkway where the plaintiff could safely enter the Defendant store;

(b) The entrance was not properly maintained and the wet condition should have been addressed and eliminated by the staff;

(c) The failure to warn of the hazard was negligence on the part of the Defendant store;

(d) The Defendant created the conditions that created the hazard which injured Plaintiff by its mode of operation. Defendant knew or should have known in the exercise of reasonable care that they had created a dangerous condition by failing to remove the water from the entrance, failing to post hazard signs to warn customers, and/or failure to furnish additional rugs to absorb the wetness from the weather and foot traffic.

VII.

Plaintiffs aver that the Defendant:

(a) Took no action to remedy the condition and provided no warning to members of the public of the hazard.

(b) Defendant is responsible for the actions and lack of actions of its employees under the doctrine of respondent superior which imposes vicarious responsibility as well as agency.

(c) In that the Defendant created the condition by failing to dry the wet entry or place warnings to customers of the hazard or failing to have sufficient rugs down to absorb moisture there were direct acts of negligent mismanagement by the store managers.

VIII.

Plaintiffs aver that the Defendant committed the acts of negligence set forth above including

but not limited to the acts set forth in paragraph VI and VII above which were direct and proximate causes of plaintiff's injuries.

IX.

Defendant's acts and failures to act created foreseeable risks of harm to its customers likely to result in injury to its customers which were direct and proximate causes of the harm. This is, in fact, what occurred to Mrs. Copeland.

X.

As a proximate result of all of the aforesaid acts of negligence of the Defendant, Plaintiff was injured at Defendant's place of business, sustained permanent, serious, painful, and disabling bodily injuries. Plaintiff further avers that she has past and future pain and suffering, past and future loss of enjoyment of life and inconvenience, past and future medical expenses, has sustained an impairment in her earning capacity, permanent impairment, disfigurement, and problems all of which will continue for the rest of Plaintiff's life.

XI.

At all relative times hereto, Plaintiff, Steven Copeland, was married to Patricia Copeland. He, therefore, asserts a claim for loss of consortium and avers that he is entitled to an award of money damages for the damages which he suffered as a direct and proximate result of the acts of negligence of the defendants. Specifically, Plaintiff Steven Copeland has lost the society, counsel, companionship, and services of his wife as well as being deprived of her earning capacity. He has been forced to perform services which otherwise Mrs. Copeland would have performed and he has otherwise suffered damages as a direct and proximate result of the actions of the defendants and the resulting injuries to his wife, Patricia Copeland. The medical issues from which Mrs. Copeland

suffers have resulted from defendants' acts of negligence and have had a dramatic negative impact upon all aspects of their lives and marriage.

## XII.

WHEREFORE, Plaintiff requests judgment against the Defendant in the sum of up to Nine Hundred, Seventy-Five Thousand Dollars ($975,000.00) in actual and compensatory damages in an amount selected by the compassionate and informed jury. Plaintiff requests a jury of six (6). Plaintiff requests discretionary costs, post-judgment interest, court costs, and general relief.

Respectfully submitted,

D. Russell Thomas, #6014
*Attorney for Plaintiffs*
138 South Cannon Avenue
Murfreesboro, TN 37129
615-848-1818 (Telephone)
615-217-6023 (Facsimile)
russthomas@thethomaslawfirm.com

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of the said County and State, hereby certifies that the foregoing, is a correct copy of the instrument filed in the foregoing case in the Circuit Court of Murfreesboro, Tennessee.
This 13th day of November, 2020
MELISSA HARRELL
Deputy Clerk