UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA COPELAND and<br>STEVEN COPELAND,<br><br>  Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION<br><br>AND<br><br>ASSA ABLOY ENTRANCE SYSTEMS,<br>US, INC., and<br>STANLEY ACCESS<br>TECHNOLOGIES, LLC.<br><br>  Defendants. | No. 3:20-cv-01100<br><br>No. 3:22-cv-00451 |

## OMNIBUS MEMORANDUM OPINION AND ORDER

This is a personal injury case that will proceed to trial on **January 10, 2023.** (Doc. No. 22). Pending are motions in Case No. 3:20-cv-1100 and 3:22-cv-451.

In Case No. 3:20-cv-1100, Target Corporation's ("Target") claims against Assa Abloy Entrance Systems, US, LLC ("Assa Abloy") and Stanley Access Technologies, LLC ("SAT") are hereby **SEVERED** and **TRANSFERRED** to the United States District Court for the District of Minnesota. Accordingly, judgment on Assa Abloy's Motion to Exclude (Doc. No. 74), Assa Abloy's Motion for Summary Judgment (Doc. No. 88), Target's Motion for Leave to File a Cross Complaint (Doc. No. 121), and Target's Motion to Correct its Third-Party Complaint (Doc. No. 122) are **DEFERRED**. The Clerk shall transfer Target's separate claims to the United States District Court for the District of Minnesota.

1

In Case No. 3:22-cv-451, SAT's Motion to Dismiss (Doc. No. 19) is **GRANTED** and Plaintiffs' Motion to Amend (Doc. No. 21) and Amended Motion to Amend (Doc. No. 22) are **DENIED**.

The only remaining claims before this Court are Plaintiffs' claims against Target and Assa Abloy. Therefore, the Joint Motion to Continue Trial (Doc. No. 113, Case No. 3:20-cv-1100) is **DENIED**. The parties shall engage in mediation prior to trial.

Case No. 3:20-cv-1100

Patricia Copeland and her husband Steven Copeland initially brought this case against Target Corporation ("Target"), alleging that Target's negligence caused Patricia's slip and fall on the entrance threshold to a Target store in Murfreesboro, Tennessee. (Doc. No. 1-2 at 2–3). On September 30, 2021, both Plaintiffs and Target brought claims against Assa Abloy Entrance Systems, US, Inc. ("Assa Abloy"). Plaintiffs amended their complaint to include allegations that Assa Abloy negligently failed to install coverings or coatings to prevent patrons from slipping on the threshold at issue, (Doc. No. 28 at 5), and Target filed a third-party complaint alleging that its contract with Assa Abloy requires the company to indemnify Target for any expenses related to Plaintiffs' claims. (Doc. No. 30 at ¶ 9). Following discovery, on July 7, 2022, Assa Abloy moved for summary judgment seeking the dismissal of Target's third-party claim. (Doc. No. 88 at 1). After briefing on Assa Abloy's summary judgment motion concluded, Target sought to amend its third-party complaint to include specific allegations that the Plaintiffs' injuries were caused by Assa Abloy's improper installation "of the subject entrance threshold and/or lead in and [that] the installation was not ADA complaint in breach of [its contract with Assa Abloy]." (Doc. No. 122 at 1). Target has also filed a Motion for Leave to File a Cross Complaint (Doc. No. 121)

in order to bring identical claims against Stanley Access Technologies, LLC ("SAT"). (Doc. No. 121-2 at ¶¶ 4–11).

In its opposition brief to Target's motion for leave to file a cross complaint, SAT highlighted the agreed forum-selection clause included in the Supplier Qualification Agreement for Goods and Services (the "SQA"), (Doc. No. 126 at 13), which is incorporated by reference into the Target Corporation Program for Goods and Services (the "TCP") (Doc. No. 125 at ¶ 7). (Doc. No. 127 at 4). The language of the forum selection clause is straight-forward. It reads:

> Governing Law and Venue. The laws of the State of Minnesota, without regard to Minnesota's choice-of-law principles, govern all matters arising out of or related to this Agreement. The exclusive forum and venue for any legal action arising out of or related to this Agreement will be the United States District Court for the District of Minnesota, and the parties submit to the personal jurisdiction of that court. If neither subject matter nor diversity jurisdiction exists in the United States Court for the District of Minnesota, then the exclusive forum and venue for any such action will be the courts of the State of Minnesota located in Hennepin County, and the parties submit to the personal jurisdiction of that court.

(Doc. No. 126 at 13). SAT cites the clause as reason to deny Target's motion as futile. (Doc No. 127 at 5). In its reply, Target does not challenge SAT's assertion that the clause is enforceable; instead, it argues that neither dismissal, nor transfer is appropriate because there is no pending Rule 12 or 28 U.S.C. § 1404(a) motion for the Court to consider. (Doc. No. 128 at 2).

The Court then ordered Target to submit the contracts Assa Abloy allegedly breached, and, upon their review, found that they contained an identical forum-selection clause. (See Doc. No. 131-2 at 12). The contracts between Target and Assa Abloy are substantively mirror images of the SQA and TCP. (Compare Doc. Nos. 125–26; with Doc. Nos. 131-1, 131-2).

Where the parties have designated a federal forum in a forum-selection clause, the agreement should be enforced via transfer under 28 U.S.C. § 1404(a), Atl. Marine Constr. Co.,

3

Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 52 (2013), and, contrary to Target's unsupported assertion, (Doc. No. 128 at 2), "28 U.S.C. §1404(a) does not require a motion." Carver v. Knox Cnty. Tenn., 887 F.2d 1287, 1291 (6th Cir. 1989). "[A] district court may transfer a case sua sponte." Id.

Here, no party has claimed that the contracts or their forum-selection clauses are invalid or unenforceable, and the Court finds is no indicia that such an argument exists. To the contrary, the agreed forum-selection clause reflects the parties' representation that the District of Minnesota is a convenient, proper, and acceptable forum for Target, Assa Abloy, and SAT. See Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir. 2009) (requiring a court to consider "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust."). After all, a valid forum-selection clause "should be given controlling weight in all but the most exceptional cases." Atl. Marine Constr. Co., Inc., 571 U.S. at 63 (internal quotation marks and citations omitted); see also id. at 64–65 ("Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common.").

Target's contract claims against Assa Abloy and SAT are by no means exceptional. The public factors support following the parties selection of Minnesota to resolve any disputes. The case has been on this Court's docket for a nontrivial amount of time and the Court has not issued a ruling on a dispositive motion. The federal courts of Minnesota are certainly better-suited to navigate the nuances of Minnesota contract law and indemnification law.

4

To facilitate Target's claims' transfer, the Court will sever them from Case No. 3:20-cv-1100. See F.R.C.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); see also Parchman v. SLM Corp., 896 F.3d 728, 733 (6th Cir. 2018) ("The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed."). The factors to consider in deciding a motion to sever weigh in favor of severing Target's claims. See Parchman, 896 F.3d at 733 (listing the factors that district courts may consider). The claims arise out of separate occurrences and present different question of law; the severed party would not be prejudiced; and if the case proceeds to trial, different witnesses and documentary proof would be required to prove these claims.

As a result, Target's claims against Assa Abloy and SAT are hereby severed and transferred to the United States District Court for the District of Minnesota as the parties agreed.

Case No. 3:22-cv-451

Patricia Copeland and her husband Steven Copeland bring this case because they believe Assa Abloy and SAT were negligent when they provided goods and services during the installation of the entrance threshold at the Target store where Patricia slipped and fell on December 22, 2019. They do so because in Case No. 3:20-cv-1100, in which the Copelands sued Target for personal injury damages on November 12, 2020, (Doc. No. 1-3, Case No. 3:20-cv-1100), Target answered the complaint, alleging that Assa Abloy was partially at fault because it installed the entrance threshold. (Doc. No. 26, Case No. 3:20-cv-1100). The Copelands then amended their complaint alleging that Assa Abloy and Target were responsible for their injuries. After Target filed a cross-claim against Assa Abloy, it answered alleging that SAT was also at fault because it was a sub-

5

contractor for Assa Abloy to install the Target door threshold. (Doc. No. 52, Case No. 3:20-cv-1100). Then, the Copelands alleged in Case 3:22-cv-451 that Assa Abloy and SAT negligently installed the Target door threshold and they were also responsible for the Copeland's injuries. (Doc. No. 22-1, Case No. 3:22-cv-451).

SAT has filed a motion to dismiss arguing that Plaintiffs' claims are time-barred, (Doc. No. 19), which is opposed by Plaintiffs. Plaintiffs have filed a First Motion to Amend (Doc. No. 21) and an Amended Motion to Amend (Doc. No. 22), which SAT opposes as futile. (Doc. No. 26). Both motions have been fully briefed and are ripe for decision.

SAT relies upon Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal, which requires:

1. that all allegations in the Amended Complaint be accepted as true and that all reasonable factual inferences be in favor of Plaintiffs, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009);

2. that Plaintiffs' allegations "be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); and

3. that Plaintiffs' allegations allow the Court "to draw the reasonable inference that the Defendant is liable for the misconduct." Iqbal, 556 U.S. at 678–79.

Applying that standard here, the Court concludes that SAT's motion should be granted and Plaintiffs' motion and amended motion to amend would be futile and must be denied.

The Copelands seek damages due to Patricia's injuries when she fell at Target, so there is no dispute that the one-year statute of limitations applies to their case. Tenn. Code. Ann. § 28-3-104(a)(i). Patricia fell on December 22, 2019, and she filed her complaint against Target on

November 12, 2020. Her statute of limitations expired on December 22, 2020, so her complaint against SAT filed on June 16, 2022 and her amended complaint filed on June 22, 2022, (Doc. No. 1 and 9), are significantly after the expiration of the statute of limitations requiring dismissal. Plaintiffs offer two arguments to avoid dismissal: their complaint is timely under Tenn. Code. Ann. § 20-1-119 and the "discovery rule." SAT's motion to dismiss tracks the Court's analysis in <u>Wagner v International Automotive Components Group North America, Inc.</u>, 131 F.Supp.3d 746 (M.D. Tenn. 2015) that mirrors this case. There the Court rejected Plaintiff's reliance on Tenn. Code Ann. § 20-1-119 and the "discovery rule" and dismissed Plaintiff's personal injury tort case.

Tenn. Code Ann. § 20-1-119 does not save Plaintiffs' lawsuit against SAT. True, as noted by the <u>Wagner</u> Court, § 20-1-119 "allows a Plaintiff to add a new Defendant to a lawsuit via a motion to amend, within ninety days of an existing Defendant's alleging fault against a non-party." 131 F.Supp.3d at 750. The ninety-day grace period arises only "if a Defendant named in an original complaint initiating a suit filed <u>within the applicable statute of limitations</u>, or named in an amended complaint filed <u>within the applicable statute of limitations</u>. . ." Tenn. Code Ann. § 20-1-119(a). The grace period in § 20-1-119(a) is not satisfied here because Assa Abloy alleged that SAT contributed to Plaintiffs injuries on March 18, 2022 (Doc. No. 59, Case No. 3:20-cv-1100) that is after, not before, the December 22, 2020, expiration of Plaintiffs' statute of limitations. Even if Plaintiffs had timely sued SAT, § 20-1-119 still would not save Plaintiffs case because Plaintiffs failed to issue process within 90 days of filing the amended complaint again SAT. <u>Jones v Pro. Motorcycle Escort Serv., LLC</u>, 193 SW 3d 564, 570 (Tenn. 2006). As then Justice Connie Clark wrote:

> Regardless of the reason for untimely completion of any of these requirements, Tennessee courts have consistently held that the plaintiff's motion to amend must be filed and granted, the amended complaint be filed, and **process must be issued, all within ninety days** to comply with section 20-1-119.

Perhaps recognizing that the operation of § 20-1-119(a) does not save their lawsuit against SAT, Plaintiffs' Amended Motion to Amend Complaint (Doc. No. 22) states that: "Plaintiffs move to amend their Complaint to make explicit Plaintiffs' intention to rely[sic] upon the "discovery" rule to substantiate the timeliness of their Complaint against Defendant Stanley Access Technologies, LLC." (Doc. No. 22 at 1).

As discussed in Wagner, the Tennessee Supreme Court has explained when the discovery rule applies:

> Under the "discovery rule" applicable in tort actions, . . . the cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. The discovery rule applies only in cases where the plaintiff does not discover and reasonably could not be expected to discovery that he had a right of action. Furthermore, the statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry.

Wagner, 131 F. Supp. 3d at 753 (citing Schultz v Davis, 495 F.3d 289, 292 (6th Cir. 2007) and Potts v Celotex Corp., 796 S.W.2d 678, 680-81 (Tenn. 1990). As in Wagner, Plaintiffs argue that the delayed discovery of SAT modified and tolls the statute of limitations; as well as when its cause of action accrued against SAT. (Doc. No. 24 at 1; Doc. No. 25 at 2). 131 F.Supp.3d at 753. Plaintiffs offer no legal authority for their unique interpretation of the discovery rule, that is contrary to Tennessee law which is consistent – the discovery rule only pertains to discovery of the actual injury. There is no dispute in this case that Patricia was injured on December 22, 2019 and filed her case against Target on November 12, 2020. (Doc. No. 1-3, Case No. 3:20-cv-1100).

There is no dispute that Patricia knew on December 22, 2019 she was injured. Indeed, she alleges:

> Plaintiffs bring this lawsuit against the Defendant for money damages for the personal injuries sustained by Plaintiff arising out of a slip and fall accident which occurred at Target in Murfreesboro in Rutherford County on or about December 22, 2019.
>
> As a result of her fall, Plaintiff Patricia Copeland sustained severe bodily injuries.
>
> Mrs. Copeland came from the parking lot, across the sidewalk, into the vestibule, and was walking into the Defendant store when she slipped at the entryway. Immediately following her fall in the wet entrance of Target, Mrs. Copeland complained of her right arm and shoulder, right knee, and right hand being extremely sore.
>
> The Plaintiff sustained serious and disabling injuries as a result of the fall. In particular, Plaintiff avers that her right shoulder and knee injuries are a direct and proximate result of the fall and as a direct and proximate result of the Defendant's failure to keep the walkway into the main entry point in the Defendant store safe for its customers. Mrs. Copeland fell tearing the rotator cuff in her right shoulder and tearing the meniscus in her right knee. Both injuries resulted in surgery as a result of this fall. Mrs. Copeland's injuries are continuing, permanent, and ongoing conditions to this day. There is need for another surgery to the right knee.

(Doc. No. 1-3 at 1–2, Case No. 3:20-cv-1100). Here, the discovery rule dictates that Plaintiffs' cause of action accrued on December 22, 2019, and the statute began to run on that date and expired on December 22, 2020.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE